THE STATE, PHEBE M. GRIFFITH, PROSECUTRIX, v. EDWARD A. DALY.

The plaintiff below, a real estate agent, was employed by the defendant to advertise her property for sale at auction, to secure the services of an auctioneer and to take charge of the sale. After the plaintiff had advertised the property for sale and secured the services of an auctioneer, but before the day of sale, the defendant herself sold the property privately, and thereupon she agreed with the plaintiff to pay him two per cent. of the price for what he had done. *Held,* that this agreement was not within the statute which requires a writing to entitle brokers and real estate agents to commissions for selling or exchanging real estate.

On *certiorari.*

On or about November 1st, 1891, the defendant stated to the plaintiff that she desired to sell certain of her property, consisting of a house and lot on Warren street, corner of Grand street, Jersey City. The plaintiff, who is a real estate agent in Jersey City, advised the defendant to sell the property at auction, and on the same day the defendant requested the plaintiff to take charge of said sale and employ an auctioneer, and agreed to give to the plaintiff, for the services of such auctioneer, two per cent. of the amount that should be realized at the sale, and agreed to pay the cost of advertising the sale. The plaintiff advertised the property for sale at auction and secured the services of an auctioneer. The day selected for the sale, which was November 17th, 1892, proved to be stormy, and the plaintiff advised defendant to have the sale adjourned one week, which was done. On the day to which the sale was adjourned, plaintiff saw the defendant at her house, she having sent for him the day before, and defendant stated that she had sold the house at private sale to Henry V. Condict, of Jersey City, for $8,250, and wanted to know what the plaintiff's charge would be. Plaintiff informed defendant that the charge was just the same as if the property had been sold at auction—that is to say, two per cent. of the amount realized and the advertising expenses. The defendant then verbally agreed to pay the plaintiff that amount.

On this state of facts the plaintiff obtained judgment for the amount in the Hudson Common Pleas, and this *certiorari* is sued out to test the legality of such judgment in view of the statute (*Rev., p.* 446, § 10) which enacts "that no broker or real estate agent selling or exchanging land for or on account of the owner shall be entitled to any commission for the sale or exchange of any real estate unless the authority for selling or exchanging such land is in writing and signed by the owner or his authorized agent and the rate of commission on the dollar shall have been stated in such authority."

Argued at February Term, 1894, before Justices DIXON and ABBETT.

For the prosecutrix, *Randolph, Condict & Black.*

For the defendant, *Babbitt & Lawrence.*

The opinion of the court was delivered by

DIXON, J. We think that this case is not within the statute. The plaintiff below did not sue to recover a commission for the sale or exchange of any real estate, nor was the defendant's agreement, on which the suit rested, one to pay him for such a service. What the plaintiff had done under the defendant's employment was to advertise the property for sale at auction and to secure the services of an auctioneer. Although, according to the original bargain, his right to compensation for this service might depend upon the sale of the property by the auctioneer, yet there was implied in the bargain an understanding that the defendant would not prevent such a sale; and when she did prevent it by her private sale of the property, the plaintiff became entitled to damages for the breach of this implied obligation. It was then perfectly legitimate for the parties to liquidate those damages, and, according to the statement of facts, they did so by the defendant's agreement to pay the plaintiff two per cent. of the price realized at the private sale. An agreement of this nature differs essentially from those contemplated by the statute upon which brokers or real estate agents base claims to commissions for the sale or exchange of lands.

The judgment should be affirmed, with costs.